**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ALBERT MOORE,** )<br>         **Plaintiff,** )<br>**v.** )<br>     )<br>**COMMISSIONER OF SOCIAL SECURITY,** )<br>**sued as Michael J. Astrue,** )<br>     )<br>         **Defendant.** ) | Case No.  08-2018 |

## REPORT AND RECOMMENDATION

In September 2007, Administrative Law Judge (hereinafter "ALJ") Alice Jordan denied Plaintiff Albert Moore's applications for disability insurance benefits and supplemental security income benefits.  The ALJ based her decision on findings that Plaintiff was not disabled within the meaning of the Social Security Act and he is capable of performing his past job as a fast food restaurant cook as well as a number of other jobs that exist in the national economy.

In January 2008, Plaintiff filed a Complaint for Judicial Review (#3) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the final decision by the Regional Commissioner of the Social Security Administration denying benefits. In June 2008, Plaintiff filed a Motion for Summary Judgment or Remand (#11) and in August 2008, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#14). In September 2008, Plaintiff filed a Short Reply in Support of His Motion for Summary Judgment or Remand (#15).  After reviewing the administrative record and the parties' memoranda, this Court recommended, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Summary Judgment or Remand (#11) be denied.

Consistent with the Court's reasoning in the Report and Recommendation denying motion (#11), the Court now recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#14)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 10 working days after service of a copy of this recommendation. *See* 28 U.S.C. 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 3rd day of February, 2009.

                                                   s/ DAVID G. BERNTHAL
                                                 U.S. MAGISTRATE JUDGE